1
2
3
4
5
6
7
8

9                    **UNITED STATES DISTRICT COURT**

10                    **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  ANTICANCER INC.,                         )  Civil No: 05-CV-0448-B(AJB)
                                             )
13              Plaintiff,                   )
    v.                                       )  **ORDER (1) GRANTING**
14                                           )  **DEFENDANTS' MOTION TO**
    XENOGEN CORPORATION, ET AL.,             )  **DISMISS ANTICANCER'S**
15                                           )  **FOURTH AMENDED**
                Defendants.                  )  **COMPLAINT WITH LEAVE TO**
16                                           )  **AMEND; AND (2) DENYING**
    _____    )  **DEFENDANTS' REQUEST FOR**
17                                           )  **FEES AND COSTS**

18
19

20  **I.    INTRODUCTION**

21         Before the Court is Defendants' Motion to Dismiss Plaintiff AntiCancer Inc.'s

22  ("AntiCancer") Fourth Amended Complaint filed on June 18, 2007. (Doc. No. 219.)

23  Defendants moves to dismiss claims one and two of the Fourth Amended Complaint and to

24  be awarded fees and costs for the present Motion.

25         For the reasons set forth below, the Court (1) **GRANTS** Defendants' Motion to

26  Dismiss; (2) **GRANTS** AntiCancer **LEAVE TO AMEND** the Fourth Amended Complaint

27  and file a Fifth Amended Complaint, which shall supercede all preceding complaints and

28                                              1                           05-CV-0448-B (AJB)

amended complaints filed with this Court, on or before Monday, August 27, 2007; (3) **GRANTS** Defendants thirty (30) days from the date Plaintiff files the Fifth Amended Complaint **TO APPEAR** in the present Action; and (3) **DENIES** Defendants' request for fees and costs associated with this Motion.

## II.   BACKGROUND

On March 1, 2007, this Court granted Plaintiff's Motion to Substitute Attorney, replacing Marc Hankin with Richard Clegg. (Doc. No. 183.) Because of this substitution of attorney for AntiCancer, on April 12, 2007, the Court filed an Order (1) taking Xenogen's Motion to Strike and For More Definite Statement Regarding AntiCancer's Third Amended Complaint off calendar without prejudice to Xenogen's reassertions of its objections, and (2) granting AntiCancer leave to file a Fourth Amended Complaint. (Doc. No. 203.)

In that Order, the Court noted that AntiCancer's new counsel was not the drafting attorney for the Third Amended Complaint, which he admitted "could be improved" and requested to update in view of his own "independent investigation of the facts." (Doc. No. 203 at 1.) The Court noted that "all the objections made by Xenogen in the present Motion have merit" and therefore granted Plaintiff leave to file a Fourth Amended Complaint. (Id. at 2.)

On May 14, 2007, Plaintiff filed a Fourth Amended Complaint (1) asserting patent infringement of two patents, U.S. Patent Nos. 6,649,159 ("the '159 patent") and 6,759,038 ("the '038 patent"); and (2) requesting declaratory judgment of invalidity of U.S. Patent No. 5,650,135 ("the '135 patent"). (Doc. No. 215.)

## III.   DISCUSSION

### A.   STANDARD OF LAW

The Supreme Court recently ruled on the Federal Rule of Civil Procedure 8(a)(2)

1  requirement that a pleading contain "a short and plain statement of the claim showing that
2  the pleader is entitled to relief" in antitrust action <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955
3  (2007).  There, the Supreme Court held that the purpose of Rule 8(a)(2) was to "give the
4  defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Id.</u> at
5  1964 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  The Court then found:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

10  <u>Id.</u> at 1964 - 65 (citations and footnote omitted).  It further explained in a footnote:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in *detail* the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

15  <u>Id.</u> at 1965 n.3 (citations omitted).

16      In <u>Bell Atlantic</u>, the Supreme Court "retire[d]" the "famous observation" in <u>Conley</u>,
17  355 U.S. at 45 - 56, that "the accepted rule that a complaint should not be dismissed for
18  failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of
19  facts in support of his claim which would entitle him to relief," and held that:

> The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

23  <u>Id.</u> at 1969.  Instead, the Court holds that pleadings compliant with Rule 8 must express a
24  "plausible entitlement to relief." <u>Id.</u> at 1967.  If a complaint does not meet this standard,
25  "this basic deficiency should . . . be exposed at the point of minimum expenditure of time
26  and money by the parties and the court." <u>Id.</u> at 1966 (citation omitted).

**B.   ANALYSIS**

**1.   <u>Bell Atlantic</u> standard in the context of patent infringement actions**

In <u>Bell Atlantic</u>, the Supreme Court applied its new standard to a § 1 Sherman Act complaint. <u>Id.</u> at 1965 - 69.  The Supreme Court has yet to make clear how its new standard applies to other actions, and neither the Federal Circuit nor the Ninth Circuit has addressed this issue since the May 21, 2007, <u>Bell Atlantic</u> decision.  However, after an extensive analysis of <u>Bell Atlantic</u>, in an action brought by plaintiff detainee against government officials for alleged constitutional violations, the Second Circuit interpreted the new standard as set forth by the Supreme Court as follows:

> After careful consideration of the Court's opinion and the conflicting signals from it that we have identified, we believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.

<u>Iqbal v. Hasty</u>, 490 F.3d 143, 157 - 58 (2d Cir. 2007).

The only federal court to have considered the <u>Bell Atlantic</u> pleading standard with respect to patent infringement is the District Court for the Southern District of Alabama in <u>Bartronics, Inc. v. Power-One, Inc.</u>, No. 06-0825, 2007 WL 1751119 (S.D. Ala. Jun. 15, 2007).  There, the Alabama district court considered Plaintiff's objection to Defendant's proposed Amended Answer and Counterclaims, in particular the two new counterclaims that are pleaded in their entirety as follows:

> "One or more of the claims of the '057 patent are invalid under 35 U.S.C. § 103" and "One or more of the claims of the '057 [sic] are invalid as being indefinite under 35 U.S.C. § 112, second paragraph."

<u>Id.</u> at *5.  The district court found:

> The exact nature and scope of defendants' causes of action in the proposed Counterclaim is difficult to discern because of the ambiguity of the pleading, but it appears that defendants are attempting to bring new counterclaims against Bartronics under both § 103 and § 112. Such causes of action are pleaded in entirely conclusory fashion, with no supporting facts of any kind. As such, they run afoul of the pleading standards enunciated by the Supreme

1  Court in Bell Atlantic and cannot survive Rule 12(b) scrutiny, in their present form.

2  Id.

3  Therefore, the district court sustained Plaintiff's objection to Defendant's new counterclaims under the Bell Atlantic standard:

> Accordingly, the Court finds that plaintiff's objection to the proposed amendment is sustained as to paragraphs 5 and 6 of the proposed Counterclaim, which purports to assert new causes of action against Bartronics in entirely conclusory fashion, without any accompanying factual allegations that might state a claim to relief that is plausible on its face.

Id. The district court accordingly denied in part Defendant's Motion for Leave to Amend Answer and Counterclaims "as futile to the extent that defendants would add two new conclusory claims for relief in Paragraphs 5 and 6 of the proposed amended Counterclaim." Id. at *6.

There have been no law review articles published yet about the Supreme Court's Bell Atlantic decision. However, the Seventh Circuit and some district courts have used the Bell Atlantic standard to uphold dismissal of or to dismiss non-antitrust complaints. See, e.g., Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc., No. 06-3436, 2007 WL 2215764, at *2 - 9 (7th Cir. 2007) (Title VII retaliation); Fastrip v. CSX Corp., No. 07CV-66, 2007 WL 2254357, at *1 - 2 (W.D. Ky. Aug. 2, 2007) (property damage); Holloway v. Ameristar Casino St. Charles, Inc., No. 04 CV 218, 2007 WL 2199566, at * 4 - 5 (E.D. Mo. Jul. 27, 2007) (§ 1983 violations); Motino v. Toys "R" Us, Inc., No. 06-370, 2007 WL 2123698, at *1 - 5 (D. N.J. Jul. 19, 2007) (immigration law violations); Mitan v. Feeney, No. 07-3086, 2007 WL 2068106, at *8 - 12 (C.D. Cal. Jul. 18, 2007) (intentional or negligent infliction of emotional distress); Steelman v. Prudential Ins. Co. of Am., No. 06-2746, 2007 WL 2009805, at * (E.D. Cal. Jul. 6, 2007) (Employee Retirement Income Security Act violations); Lutz v. United States, No. 06-1177, 2007 WL 1954438, at *2 - 4 (D.D.C. Jul. 5, 2007) (exhaustion of administrative remedies for tax code violations); Aktieselskabet AF 21 v. Fame Jeans, Inc., No. 06-585, 2007 WL

1655877, at *12 - 15 (D.D.C. Jun. 7, 2007) (misrepresentation of intention to use trademark in PTO trademark application).

The Court **FINDS** that the new Bell Atlantic pleading standard applies to pleadings in patent infringement actions such as the present action and holds that pleadings must allege enough facts so as to demonstrate a plausible entitlement to relief.  While the Alabama district court found that, as opposed to counterclaims, "[n]othing in Bell Atlantic would appear to require more detailed pleading of affirmative defenses" in Bartronics, 2007 WL 1751119, at *5 n.5, the Court here finds that, like claims, counterclaims, and cross-claims, affirmative defenses also make claims to relief, such as for unenforceability of a patent based on an affirmative defense of plaintiff's inequitable conduct before the United States Patent and Trademark Office ("PTO").  See McKesson Info. Solutions, Inc. v. Bridge Med., Inc., 487 F.3d 897, 908, 926 (Fed. Cir. 2007); Semiconductor Energy Lab. Co., Ltd. v. Samsung Elecs. Co., Ltd., 204 F.3d 1368, 1372, 1378 (Fed. Cir. 2000); Refac Int'l, Ltd. v. Lotus Dev. Corp., 81 F.3d 1576, 1578, 1585 (Fed. Cir. 1996).

Therefore, the Court **FINDS** that, in this patent infringement action, parties must demonstrate a plausible entitlement to relief in all pleadings, including claims, counterclaims, cross-claims, third party claims, and separate affirmative defenses.

### 2.    Application of Bell Atlantic to the present Action

In claims one and two of the Fourth Amended Complaint, Plaintiff here has pled infringement of the '159 and '038 patents in its entirety as follows:

> Each of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others.

(Doc. No. 215 at 3 - 4.)  Since the Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief, the Court **GRANTS** Defendants' Motion to Dismiss as to claims one and two of the Fourth Amended Complaint and **GRANTS** Plaintiff **LEAVE TO AMEND** its Fourth Amended Complaint accordingly and file a Fifth Amended Complaint, which

will supercede all preceding complaints and amended complaints filed with this Court, on or before Monday, August 27, 2007.  The Court **GRANTS** Defendants thirty (30) days from the date Plaintiff files a Fifth Amended Complaint **TO APPEAR** in the present Action.  Any affirmative pleadings filed by the Defendants, such as counterclaims, cross-claims, and affirmative defenses, must similarly be pled with enough facts so as to demonstrate a plausible entitlement to relief.

### 3. Defendants' request for fees and costs related to the present Motion

Defendants request fees and costs for this Motion based on AntiCancer's request to amend the Third Amended Complaint so as "to avoid any further motions or disputes regarding the sufficiency of the Complaint or compliance with Rule 11."  (Doc. No. 189 at 1.)  Defendants assert that AntiCancer did not follow through on this pledge and that Defendants should therefore be awarded all fees and costs.

There is no specific caselaw, binding or otherwise, applying Bell Atlantic to patent infringement causes of action, and there is still uncertainty as to how exactly the standard should be applied in such a case.  Furthermore, AntiCancer filed its Fourth Amended Complaint on May 14, 2007, a week before the Supreme Court issued its Bell Atlantic decision on May 21, 2007.  Therefore, the Court does not find grounds for awarding Defendants their fees and costs for this Motion and **DENIES** Defendants' request for fees and costs.

## IV. CONCLUSION

For the reasons set forth above, the Court (1) **GRANTS** Defendants' Motion to Dismiss claims one and two of the Fourth Amended Complaint; (2) **GRANTS** AntiCancer **LEAVE TO AMEND** the Fourth Amended Complaint and file a Fifth Amended Complaint, which shall supercede all preceding complaints and amended complaints filed with this Court, on or before Monday, August 27, 2007; (3) **GRANTS** Defendants thirty

(30) days from the date Plaintiff files a Fifth Amended Complaint **TO APPEAR** in the present Action; and (3) **DENIES** Defendants' request for fees and costs associated with this Motion. .

**IT IS SO ORDERED**

DATED: August 13, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Anthony J. Battaglia
    United States Magistrate Judge

    All Counsel of Record