cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTICANCER, INC.,a California corporation, | ) ) ) | Civil No. 05cv448 JLS (AJB) |
| Plaintiff, | ) ) | SCHEDULING ORDER |
| v. | ) ) | |
| XENOGEN CORP., a Delaware corporation; CHRISTOPHER H. CONTAG, a natural person; PAMELA REILLY CONTAG, a natural person; and DOES 3-50, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| XENOGEN CORP., a Delaware corporation, | ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| ANTICANCER, INC., a California corporation, | ) ) ) | |
| Counter-defendant. | ) ) | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a Case Management Conference on October 10, 2007. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1. **Disclosure of Asserted Claims and Preliminary Infringement Contentions.** On or before *October 26, 2007*, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims and

1

Preliminary Infringement Contentions."  Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" must contain the following information:

        a.      Each claim of each patent in the suit that is allegedly infringed by each opposing party;

        b.      Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification must be as specific as possible.  Each product, device and apparatus must be identified by name or model number, if known.  Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

        c.      A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

        d.      Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

        e.      For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

        f.      If a party claiming patent infringement asserts that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

       2.    **Document Production Accompanying Disclosure.**  With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party, or make available for inspection and copying, the following documents in the possession, custody and/or control of that party:

        a.      Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements)

sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein does not constitute an admission that such document evidences or is prior art under 35 U.S.C. §102;

b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P.L.R. 3.1.e, whichever is earlier; and

c. A copy of the file history for each patent in suit.

The producing party must separately identify by production number which documents correspond to each category.

The party claiming patent infringement is required to use its best efforts to obtain the documents to make a timely disclosure if the documents identified above are not in the possession, custody and/or control of that party.

3. <u>Preliminary Invalidity Contentions.</u>  On or before *November 30, 2007*, Defendants shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

a. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. §102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

05cv0448

b.      Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination and the motivation to combine such items, must be identified;

c.      A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

d.      Any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(1) of any of the asserted claims.

4.      **Document Production Accompanying Preliminary Invalidity Contentions.**  With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

a.      Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumental- ity identified by the patent claimant in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions;"

b.      A copy of each item of prior art identified in the Preliminary Invalidity Conten- tions, which does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

5.      **Exchange of Proposed Claim Constructions and Extrinsic Evidence.**

a.      On or before *December 14, 2007*, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes.  Each such "Preliminary Claim Construction" will also for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

b.      At the same time the parties exchange their respective "Preliminary Claim Constructions," they must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of

percipient and expert witnesses they contend support their respective claim constructions.  The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

        c.    On or before *January 4, 2008*, the parties shall simultaneously exchange "Responsive Claim Constructions"identifying whether the responding party agrees with the other party's proposed construction, or identify an alternate construction in the responding party's preliminary construction, or set forth the responding party's alternate construction.

        d.    At the same time the parties exchange their respective "Responsive Claim Constructions," they must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support any responsive claim constructions.  The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

        e.    The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Joint Claim Construction Worksheet  and Joint Hearing Statement.

    6.    **Joint Claim Construction Chart, Worksheet and Hearing Statement.**  On or before *January 8, 2008*, the parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

        a.    The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term.  Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's

proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

         b.     The parties Joint Claim Construction Worksheet must be in the format set forth in Appendix A and include any proposed constructions to which the parties agree, as well as those in dispute.  The parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in such other format as the court may direct.

         c.     The Joint Hearing Statement must include:

         1.     The anticipated length of time necessary for the Claim Construction Hearing; and

         2.     Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

         d.     At the Court's discretion, within 5 calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

       7.     **Completion of Claim Construction Discovery.**  The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by *February 15, 2008*.  Fed. R. Civ. P. 30 applies to depositions, except as to experts.  An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues.  The identification of said expert in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

       8.     **Claim Construction Briefs.**

         a.     On or before *April 1, 2008*, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

05cv0448

b. On or before *April 22, 2008*, the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

9. **Claim Construction Hearing.** On *May 13, 2008 at 10:30 a.m.*, subject to the convenience of the Court's calendar, the Honorable Janis L. Sammartino will conduct a Claim Construction Hearing, to the extent that parties or the court believe a hearing is necessary for construction of the claims at issue.

10. **Final Contentions.** Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to be that party's final contentions, except as set forth below.

a. If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions."

b. Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: i) a party claiming patent infringement has served "Final Infringement Contentions," or ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

11. **Amendment to Contentions.** Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in the section above, may be made only by order of the court, which will be entered only upon a showing of good cause.

IT IS SO ORDERED.

DATED: October 17, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

05cv0448

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

05cv0448