cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTICANCER, INC.,a California corporation, | ) ) ) | Civil No. 05cv448 JLS (AJB) |
| Plaintiff, | ) ) | STIPULATED PROTECTIVE ORDER |
| v. | ) ) | |
| XENOGEN CORP., a Delaware corporation; CHRISTOPHER H. CONTAG, a natural person; PAMELA REILLY CONTAG, a natural person; and DOES 3-50, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| XENOGEN CORP., a Delaware corporation, | ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| ANTICANCER, INC., a California corporation, | ) ) ) | |
| Counter-defendant. | ) ) | |

This matter, having been brought before the Court by Xenogen Corporation, Caliper Life Sciences, Inc., The Board Of Trustees Of The Leland Stanford Junior University, and AntiCancer, Inc., (collectively, the "Parties"), by and through their attorneys of record, for a Protective Order that access to any materials that are the subject of or relate to "Confidential Information" or material labeled

"Attorneys' Eyes Only," as defined below, and that are disclosed during the course of this Action shall be restricted according to the terms and conditions of this Protective Order.

## TERMS AND CONDITIONS

1.      **Designation Of Confidential Information And Attorneys' Eyes Only Information.**

a.      **The term "Confidential Information" shall be interpreted to mean trade secrets as defined under California Civil Code § 3426.1(d) and applicable case law, as well as other information which in the ordinary course is neither made available to the general public nor the industry at large and to which access is restricted and efforts have been made to keep the information from being broadly disseminated.**

b.      **The term "Attorneys' Eyes Only" shall be interpreted to mean highly confidential material which comprises highly sensitive technical, business and research information regarding products, highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations, and any non public pending or abandoned patent applications, either foreign or domestic.  In addition, "Attorneys' Eyes Only" shall be interpreted to include documents, information or materials that constitute highly sensitive, proprietary information that the Party who produces such information in good faith believes is of such nature and character that disclosure of such information to the Party receiving such information would be harmful to the producing Party.**

c.      **The scope of this Stipulation and Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Information or Attorneys' Eyes Only, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral communications containing Confidential Information or Attorneys' Eyes Only information derived therefrom.**

d.      **Any party to this action, or third party who has received a subpoena for production of documents or deposition, may designate documents, information and things as Confidential Information or Attorneys' Eyes Only.  Such party is hereby referred to as the "Designating Party."**

05cv0448

       e.        In designating Confidential Information or Attorneys' Eyes Only information, the Designating Party may designate discovery material as Confidential Information or Attorneys' Eyes Only only if that party believes, reasonably and in good faith, that information contained therein is confidential.

       f.        The designation of Confidential Information or Attorneys' Eyes Only shall be made at the following time: (1) for documents, at the time of the production of the documents; (2) for written responses to interrogatories or requests for admissions or expert reports, at the time of the written response; (3) for declarations and pleadings, at the time they are filed; (4) for deposition testimony, at the time of the testimony or within ten (10) business days after receipt by the Designating Party of the transcript of the deposition; and (5) for inspection of things or entry upon land or other property, prior to, or at the time of, the inspection or entry.

       g.        The designation of Confidential Information or Attorneys' Eyes Only shall be made in the following manner: (1) for documents, by placing the appropriate legend ("CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER") on each page of such document; (2) for tangible objects, by placing the appropriate legend on the object or the container therefor, or if not practicable, as otherwise agreed; (3) for written responses to written interrogatories or requests for admissions, by placing the appropriate legend in the relevant responses and on the face of any such responses; (4) for declarations or pleadings, by placing the appropriate legend on the face or title page of the document; (5) for depositions, orally on the record during the deposition, and/or in writing if such designation is made within ten (10) business days from the Parties receipt of the transcript; and (6) for inspection of things or entry upon land or other property, by stating in writing that Confidential Information or Attorneys' Eyes Only information will be disclosed by the inspection or entry and specifying in writing those parts of the things or those areas of the premises in which such information will be revealed.  A party producing information from its own files for inspection and selection for copying through its counsel may require that, during the course of production, such documents may only be reviewed by qualified

05cv0448

persons under this Order.

       **h.**      It shall be the duty of the party seeking protection of Confidential Information or Attorneys' Eyes Only information to indicate to the other parties and its attorneys of record which of the materials and testimony are considered "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

       **i.**      Each party retains the right to subsequently redesignate documents and to require such documents to be treated in accord with such designations from that time forward.

       2.      **Resolution Of Disputes Regarding Designation Of Confidential Information or Attorneys' Eyes Only.**

       **a.**      In the event that any party takes issue with a designation of Confidential Information or Attorneys' Eyes Only, such party shall so inform the other parties to this lawsuit in writing, and all parties shall make good faith efforts to resolve such dispute.

       **b.**      In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information or Attorneys' Eyes Only within fifteen (15) business days from the date the written notice of the dispute was mailed, the party disputing the designation may, by noticed motion, raise such issue with the Court.  The Designating Party shall bear the burden of establishing that the information in fact qualifies as Confidential Information or Attorneys' Eyes Only information.

       **c.**      A challenge to the propriety of a Confidential Information or Attorneys' Eyes Only designation may be made at anytime.  The prevailing party in any challenge to the propriety of a Confidential Information or Attorneys' Eyes Only designation shall be entitled to an award of reasonable attorneys' fees and costs.

05cv0448

**3.** **Inadvertent Failure to Designate.**

a. **Any party or third party who inadvertently fails to designate information as Confidential Information or Attorneys' Eyes Only, or otherwise wishes to change the designation under this Order, may later do so, and such document/information shall be treated by all other Parties as being so designated as Confidential Information or Attorneys' Eyes Only from the time of the notification in writing of the inadvertent designation.  A Party shall correct its failure to mark an item as Confidential Information or Attorneys' Eyes Only in writing accompanied by substitute copies of each item, container or folder, appropriately marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order.  The parties agree that the inadvertent disclosure of Confidential Information or Attorneys' Eyes Only information by the Designating Party in producing discovery, regardless of whether the information was designated as Confidential Information or Attorneys' Eyes Only at the time of disclosure, shall not be treated as a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject and each Party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information.**

**In addition, if a Party or third party at any time notifies all Parties, in writing, that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, the receiving Party shall return all copies of such documents, testimony, information and/or things to the inadvertently producing Party within five (5) business days of receipt of such notice and shall not use such items for any purpose until further order of the Court.  The return of any discovery item to the inadvertently producing Party shall not in any way preclude the receiving Party from moving the Court for a ruling that the document or thing was never privileged.**

05cv0448

**4.       Access To Confidential Information.**

Access to all information or documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be limited to, and only to, the following qualified persons:

a.       Outside counsel of record to any party in connection with this Action, and their employees and staff, provided that (1) such person is informed of the existence and contents of this Stipulation and Protective Order before such person is permitted access to any of the Confidential Information and (2) such person is not engaged in patent prosecution by, or on behalf of, any Party on matters relating to the subject matter of the patents-in-suit for the duration of this litigation and for two (2) years following the conclusion of this litigation.

b.       Organizations or persons retained by the attorneys to provide litigation support services in this action, provided that (1) such organization or person is informed of the existence and contents of this Stipulation and Protective Order before such person is permitted access to any of the Confidential Information and (2) such organization or person is not engaged in patent prosecution or competitive decision making on behalf of any Party on matters relating to the subject matter of the patents-in-suit for the duration of this litigation and for two (2) years following the conclusion of this litigation.

c.       Independent experts and consultants retained in this action by the attorneys of record, in so far as the attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, provided that: (1) such actual or contemplated expert or consultant complies with the requirements of **paragraph 5 of this Stipulation and Order ("Disclosure to Experts"); (2) such actual or contemplated expert or consultant is not an employee of any of the parties hereto or their respective counsel; (3) such actual or contemplated expert or consultation is not engaged in patent prosecution or competitive decision making on behalf of any Party on matters relating to the subject matter of the patents-in-suit for the duration of this litigation and for two (2) years following the conclusion of this litigation.**

d.       **One-in house person for each party, in so far as it necessary for the preparation or evaluation of this case, provided that:**

05cv0448

(1) such person is not engaged in patent prosecution or competitive decision making relating to the subject matter of the patents-in-suit for the duration of this litigation and for two years following the conclusion of this litigation;

(2) the following security provisions are followed.  Documents marked "CON-FIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER" which are produced by another party or third party shall be maintained at the office of outside litigation counsel, and shall not be kept as the office of the party.  The in-house person may maintain copies of pleadings and other court filings and any discovery (whether factual or expert), along with attached exhibits, in his or her office, provided that any physical copies are kept in a secure location, and any electronic copies are password protected.

(3) such person provides a declaration stating his name, his title and a general description of his duties, a statement that he is not engaged in patent prosecution or competitive decision making relating to the subject matter of the patents-in-suit for the duration of this litigation and agrees not to be so involved for two years following the conclusion of this litigation; and a statement that he has read and understands and agrees to abide by the terms of this Protective Order.  Such declaration shall be provided to all Parties ten business days before the in-house person is permitted access to Confidential Access.   If any party objects to such access, it shall follow the objection procedure set forth in paragraph 5(c) and (d).

e.      Mock jurors engaged by any consultant in preparation for trial, provided that: (1) such person shall first agree in writing to be bound by confidentiality requirements of this Order, and such agreement shall be retained under counsel's control until final termination of this action; (2) such individuals are not officers, directors, employees, or owners of a named party; and (3) such individuals are not involved in patent prosecution, regulatory work or non-litigation licensing by, or on behalf of, any Party on matters relating to the subject matter of the patents in suit for the duration of this litigation and for two (2) years following the conclusion of this litigation.

f.  **The producing Party's documents to its Rule 30(b)(6) designee, officer, director, agent, or employee.**

g.  **Any witness testifying in a deposition in this case, regardless of the current status of his or her employment, if: (a) the witness is listed as an author or recipient on the face of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are to be shown to the witness; and/or (b) the lawyer disclosing such Confidential Information has a good-faith belief based upon the witness's testimony that the witness may have or have had access to the Confidential Information.**

h.  **The Court and those employed by the Court.**

i.  **Such other person as hereafter may be designated by written agreement in this action or by Order of the Court.**

5.  **Access To Attorneys' Eyes Only Information.**

Access to all information or documents marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be limited to, and only to, those individuals in sub-paragraphs 4(a), 4(b), 4(c), 4(e), 4(f), 4(g), 4(h) and 4(i) and may not be disclosed to individuals in sub-paragraph 4(d).

6.  **Disclosure To Experts.**

a.  **Each independent expert, and consultant referred to in paragraph 4(c) of this Order to whom Confidential Information or Attorneys' Eyes Only information is to be given, shown, disclosed, made available or communicated in any way, shall first execute an affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order.**

b.  **At least ten (10) business days prior to a party giving showing, disclosing, making available or communicating Confidential Information or Attorneys' Eyes Only information to any expert or consultant, the Party hiring such expert or consultant shall deliver to all other parties a copy of the affidavit signed by the person to whom Confidential Information or Attorneys' Eyes Only information is proposed to be disclosed and a description setting forth the person's (i) name, (ii) office address, (iii) present employer, (iv) a brief job history for the past**

05cv0448

ten (10) years; (v) copy of the experts' up-to-date and current curriculum vitae; and (vi) a brief summary of the work done by the expert for the party hiring such expert or consultant for the past five (5) years.

   c. Any other Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) business days after service of the affidavit by stating specifically in writing the reasons why that party believes such person should not receive Confidential Information or Attorneys' Eyes Only information.

   d. In the event of such an objection, no disclosure of Confidential Information or Attorneys' Eyes Only information shall be made to the expert or consultant for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made to such expert or consultant, or made only under certain conditions.  The objecting party shall have the burden of establishing grounds for barring the disclosure.  The objecting party shall seek to have any such motion set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all parties.  If no such motion is made in such time and manner, Confidential Information or Attorneys' Eyes Only information may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated.  If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made.  The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential Information or Attorneys' Eyes Only information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.  The prevailing party in any such challenge shall be entitled to an award of reasonable attorneys' fees and costs.

**7.      Filing Confidential Information Or Attorneys' Eyes Only Information With The Court**

If a Party files with to the Court any filing which refers to, includes or attaches Confidential Information or Attorneys' Eyes Only information of another party or of a third party, the Party making such a filing shall (1) make a request (either before or contemporaneously with such filing) that such filing be kept under seal; and (2) clearly mark such filing with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTEC-TIVE ORDER".   If a party fails to file Confidential Information or Attorneys' Eyes Only information under seal, any party to this lawsuit may request that the Court place the filing under seal.

8.      **Use of Confidential Information Or Attorneys' Eyes Only Information Generally.**

a.      **Confidential Information or Attorneys' Eyes Only information disclosed pursuant to this Order shall be used only for purposes of this action and shall be protected from any unauthorized or unrelated use.**

b.      **Confidential Information or Attorneys' Eyes Only information shall be held in confidence by each person to whom it is disclosed, shall be used solely in preparation for, and in, *ex parte* applications, noticed motions, the conduct of discovery, preparing for and conducting the trial of this action only, and any post trial or appeals, and shall not be used in any patent prosecution, regulatory work, or any business or other purpose whatsoever, or in any other litigation, and shall not be disclosed to anyone except as provided herein.**

9.      **Use of Confidential Information Or Attorneys' Eyes Only Information In Conduct of This Action.**

a.      Confidential Information or Attorneys' Eyes Only information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Informa-tion or Attorneys' Eyes Only information is protected pursuant to the terms and conditions of this Stipulation and Order.

b.      Nothing in this Stipulation and Order shall prevent or otherwise restrict counsel from rendering advice to their clients and in the course thereof, relying generally on material

designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER"; provided, however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any material so designated except insofar as allowed (if allowed at all) under the terms of this Stipulation and Order.

        c.     Confidential Information or Attorneys' Eyes Only information may be disclosed to a witness not already allowed access to such information under this Stipulation and Order only if: (a) the Confidential Information or Attorneys' Eyes Only information was previously received or authored by the witness or was authored or received by a director, officer, employee or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee; (b) the Designating Party is the witness or is a party for whom the witness is at the time of disclosure a director, officer, employee, consultant or agent; or, (c) counsel for the party designating the material as Confidential Information or Attorneys' Eyes Only agrees that the information may be disclosed to the witness.

        d.     If the Confidential Information or Attorneys' Eyes Only information is used in any deposition, then, at the option of the disclosing party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  In the event of disclosure under this paragraph, only the reporter, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Order, may be present during the disclosure or discussion of Confidential Information or Attorneys' Eyes Only information.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of confidential status of the material disclosed.

        e.     Notwithstanding the parties' designation of Confidential Information or Attorneys' Eyes Only, any court hearing which refers to or describes Confidential Information or Attorneys' Eyes Only information shall in the Court's discretion  be held in open court with records unsealed unless there is a specific showing under law that confidentiality is required.  The disclosing party has the option to request that the proceeding shall be conducted in camera, out of the presence of all unqualified persons and any transcript relating thereto shall be designated as confidential.

05cv0448

10.    **Party's Own Information.**

A party is free to do whatever it desires with its own Confidential Information or Attorneys' Eyes Only information and is not bound by this Stipulation and Order with respect to the disclosure of its own Confidential Information or Attorneys' Eyes Only information.

11.    **Disclosure To Author Or Addressee.**

Nothing herein shall prohibit a party, or its counsel, from disclosing a document which contains Confidential Information or Attorneys' Eyes Only information to the person who is an author, or is listed as an addressee or recipient of that document, or who had access to it while employed by one of the parties.

12.    **No Waiver.**

Other than as specified hereto, neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party.  The procedure set forth herein shall not affect the rights of parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

13.    **No Probative Value.**

This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information or Attorneys' Eyes Only information.  The fact that information is designated "CONFIDENTIAL – SUBJECT TO PROTEC-TIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order shall be without prejudice to the right of any party to bring before the Court the question of: (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of

05cv0448

protection than provided hereunder; or (c) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation of all parties, the fact that information has been designated "CONFI-DENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order shall not be admissible during the trial of this Action, nor shall the jury be advised of such designation.  The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed as admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

14.    **Subpoena From Third Parties.**

In the event any party or nonparty having possession, custody or control of any Confidential Information or Attorneys' Eyes Only information receives a subpoena or other process or order to produce such information, such party or nonparty shall notify the attorneys of record of the party or nonparty claiming such confidential treatment of the Confidential Information or Attorneys' Eyes Only information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party or nonparty claiming such confidential treatment.  The party or nonparty asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  The party or person receiving the subpoena or other process or order will not produce Confidential Information or Attorneys' Eyes Only information so long as any motion or proceeding initiated to bar disclosure is pending.

15.    **Documents Produced In the California State Case.**

Documents or things marked "Confidential" that were produced in the California state case between Xenogen and AntiCancer, Case No. GIC772297, shall be used in the above-entitled case and treated by the Parties as though they have been produced and marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Protective Order.

05cv0448

16.      **Termination Of Litigation.**

Within ninety (90) days of receipt of written notice of the final disposition of the above-entitled case, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, the attorneys of record:

a.      Shall return to the disclosing party, or its attorney of record, the Confidential Information or Attorneys' Eyes Only information in their possession, custody or control or in the possession, custody or control of their staff or shall destroy such information;

b.      Shall insure that all the Confidential Information or Attorneys' Eyes Only information in the possession, custody or control of their experts and consultants, is retained to the disclosing party, or its attorney of record, or is destroyed;

c.      Shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information or Attorneys' Eyes Only information provided;

d.      Shall deliver to the disclosing party, or its attorneys of record, an affidavit or declaration that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the Court for such further order as may be appropriate.

e.      Notwithstanding the terms of this section, each attorney of record may retain a copy of all pleadings, discovery and attorney work product.

17.      **Enforcement Of This Stipulation And Protective Order.**

This Order shall survive the final conclusion of the Action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this Action for a period of two years, unless this Order is vacated previously.

///

///

///

///

///

14

05cv0448

18.   **Modification Of This Order.**

In the event any party hereto seeks a court order that in any way seeks to vary the terms of this Order, said party shall make such request in the form of a written stipulation, *ex parte* application, or noticed motion to all parties that must be served and filed in accordance with local court rules.

DATED:  November ___, 2007          WILSON SONSINI GOODRICH & ROSATI


                                    s/ F.T. Alexandra Mahaney
                                    By: F.T. Alexandra Mahaney

                                    Attorneys for Defendants/Counterclaimants
                                    XENOGEN CORP. and CALIPER LIFE SCI-
                                    ENCES, INC., and for Counterclaimant THE
                                    BOARD OF TRUSTEES OF THE LELAND STAN-
                                    FORD JUNIOR UNIVERSITY


DATED:  November __, 2007           SELTZER CAPLAN McMAHON VITEK


                                    s/ Richard Clegg
                                    By: Richard Clegg

                                    Attorneys for Plaintiff/Counterdefendant
                                    ANTICANCER, INC.

GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED.

DATED:  December 17, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

15

05cv0448

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTICANCER, INC.,a California corporation, | ) ) | Civil No. 05cv448 JLS (AJB) |
| Plaintiff, | ) ) | AFFIDAVIT RE RECEIPT OF |
| v. | ) | PROTECTED INFORMATION |
| XENOGEN CORP., a Delaware corporation; CHRISTOPHER H. CONTAG, a natural person; PAMELA REILLY CONTAG, a natural person; and DOES 3-50, | ) ) ) ) | |
| Defendants. | ) ) | |
| XENOGEN CORP., a Delaware corporation, | ) ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| ANTICANCER, INC., a California corporation, | ) ) ) | |
| Counter-defendant. | ) ) | |

I, _____, declare that:

1.      A copy of my most recent curriculum vitae is attached hereto.

2.      My office address is _____, and my present employer

is _____.

05cv0448

3.      My present occupation or job description is _____.

4.      In addition to my other job functions, I am working as a consultant to

_____.

5.      Work for _____ (party hiring expert) performed by me within the past five years is summarized below:

_____

_____

6.      For the past ten years, my employment history has been:

_____

_____

_____

7.      I have received a copy of the Protective Order in this action.

8.      I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Attorneys' Eyes Only information received under the protection of the Protective Order.

9.      I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information or Attorneys' Eyes Only information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all confidential documents and things which come into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained.  I acknowledged that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

/ / /

/ / /

05cv0448

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this _____ day of _____, 200__, at _____, in the State of _____.

[SIGNATURE]

DATED:  December 17, 2007

18

05cv0448